IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:25-cv-24169-KMM

STEVEN LUTHER,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

_____________________________________/

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, STEVEN LUTHER (hereinafter “LUTHER”), by and through the undersigned counsel, and files this Amended Complaint for Damages and Demand for Jury Trial, against Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), pursuant to this Court’s Order dated October 28, 2025 (ECF No. 14), and alleges that:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest, costs, and attorneys’ fees.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and/or 1333 as the matter involves diversity of citizenship and arises under the General Maritime Law of the United States.

3. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to the forum selection clause contained in Plaintiff’s cruise

ticket contract with Defendant, CARNIVAL, which mandates that all litigation arising from the cruise be filed in this jurisdiction.

4. At all times material, Plaintiff, LUTHER, was and is a resident and citizen of the State of North Carolina and is otherwise *sui juris*.

5. At all times material, Defendant, CARNIVAL, was and is a foreign corporation incorporated under the laws of the Republic of Panama, with its principal place of business, also referred to as its world headquarters, located at 3655 NW 87th Avenue, Miami, Florida 33178.

6. At all times material, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the cruise vessel *MARDI GRAS*.

7. Plaintiff was a fare-paying passenger aboard the cruise ship *MARDI GRAS*, owned and operated by Defendant, CARNIVAL, for a 6-night cruise commencing on May 18, 2025 and departing from Port Canaveral (Orlando).

8. During the course of the cruise, Plaintiff, LUTHER, contracted Legionnaires' Disease, a severe and potentially fatal form of pneumonia, which was medically confirmed and required hospitalization at Health First's Cape Canaveral Hospital.

9. The source of exposure was the tidal pool and/or tidal pool spas located on Deck 16 of the vessel.

10. Specifically, Plaintiff was in the tidal pool and tidal pool spas located on Deck 16 during his cruise. Plaintiff also sat in chairs near the tidal pool and tidal pool spas located on Deck 16 while dining and/or drinking. In addition, Plaintiff sat in lounge chairs near the tidal pool and tidal pool spas located on Deck 16.

11. While in the tidal pool and tidal pool spas located on Deck 16 and/or sitting/lounging in chairs near the tidal pool and tidal pool spas located on Deck 16, Plaintiff

inhaled, ingested, or came into contact by respiratory or oral exposure with contaminated or bacteria infested hot tub spa water that proximately caused Plaintiff to contract Legionnaires' disease.

12. Legionnaires' Disease is caused by Legionella pneumophila, a bacterium that thrives in warm water environments, such as poorly disinfected hot tubs and spa pools. According to the Centers for Disease Control (hereinafter "CDC"), spa facilities that are not properly chlorinated or where halogen levels are too low pose a substantial risk for aerosol transmission of the disease. Cruise lines are expected to inspect, monitor and disinfect these systems precisely to prevent such exposure.

13. The CDC Vessel Sanitation Program (VSP), of which Defendant, CARNIVAL, was a cooperative partner, provides comprehensive maintenance and safety requirements specifically to prevent outbreaks of waterborne illnesses such as Legionnaires' Disease. The requirements for Recreation Water Facilities, including whirlpool spas and spa pools, are set forth in Section 6.0 of the VSP. Among other things, cruise lines are required to:

a. Maintain free halogen residuals in spa pools between 3.0–10.0 ppm (VSP Manual § 6.3.2.2);
b. Ensure halogen and pH dosing systems are installed and functioning (VSP Manual § 6.3.2.1);
c. Conduct routine batch halogenation up to 10 ppm to control microbial contamination (VSP Manual, p. 103);
d. Post safety warnings and instructions to passengers at all recreational water facilities (VSP Manual § 6.8.1.2);
e. Maintain inspection logs, temperature records, and cleaning schedules for all spas (VSP Manual §§ 6.4.1.1–6.4.2.1).

14. The examples in the preceding paragraph are not exhaustive of the VSP requirements.

15. CDC has identified that Legionella bacteria proliferate in inadequately maintained hot tubs and spa pools. According to the CDC's 2024 MMWR report on Legionella outbreaks

aboard cruise ships, private and public whirlpools present an elevated risk for aerosol transmission when not regularly disinfected and when filters are poorly maintained CDC, *Two Outbreaks of Legionnaires' Disease Associated with Outdoor Hot Tubs for Private Use — Two Cruise Ships, November 2022–July 2024*, **MMWR**, Vol. 73, No. 42 (Oct. 24, 2024), available at: https://www.cdc.gov/mmwr/volumes/73/wr/pdfs/mm7342-H.pdf.

16. In general, reported cases of Legionnaires' disease have been increasing since the early 2000s, with a peak in 2018. While reported cases dropped during the first year of the COVID-19 pandemic, they rebounded in 2021. https://www.cdc.gov/legionella/php/surveillance/index.html.

17. Defendant, CARNIVAL, had actual or constructive knowledge that hot tubs and whirlpool spas require strict monitoring and disinfection. This includes the use of automated halogen dosing systems, regular super chlorination, temperature regulation, and timely filter replacement, in line with CDC and manufacturer standards.

18. As the owner and operator of the *MARDI GRAS*, Defendant, CARNIVAL, owed a nondelegable duty to maintain the vessel and its recreational water features, including the Deck 16 tidal pool and tidal pool spas, in a reasonably safe condition for the benefit of its paying passengers.

19. Defendant, CARNIVAL, knew or should have known that hot tubs on cruise ships are a well-known source of Legionella pneumophila, particularly when maintenance or sanitation is inadequate.

20. Defendant, CARNIVAL, acquired this knowledge, in part, through prior lawsuits and claims, as well as a 2006 report of Barry Hilton which Defendant, CARNIVAL, commissioned after a case of Legionella occurred on one of its vessels. This report specifically stated that the

presence of biofilms and oils in the pipes of the whirlpool spa systems contributed to the presence of Legionella.

21. Despite this knowledge, Defendant, CARNIVAL, failed to properly maintain, inspect, test, monitor, and disinfect the Deck 16 tidal pool and tidal pool spas, allowing Legionella bacteria to grow and spread through its water systems and airborne droplets.

22. Defendant, CARNIVAL, also knew or should have known that passengers would either use the Deck 16 tidal pool and tidal pool spas or sit nearby, exposing them to aerosolized bacteria released from the heated water.

23. Defendant, CARNIVAL, was aware that passengers regularly ate and drank near the hot tub, increasing the risk of oral or respiratory exposure to contaminated droplets.

24. Plaintiff, LUTHER, has complied with all conditions precedent to the filing of this action, including reporting the incident to Defendant, CARNIVAL, cooperating in any investigation of the incident, and providing Defendant, CARNIVAL, with timely written of notice of the claim.

25. The causes of action alleged in this Complaint are brought pursuant to the General Maritime Law of the United States and applicable Florida law where there is no conflict with the general maritime law.

**COUNT I - NEGLIGENCE**

26. Plaintiff realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. At all times material, Defendant, CARNIVAL, owed Plaintiff, LUTHER, a duty of reasonable care under the circumstances, including the duty to maintain, operate, inspect, and sanitize its vessel, *MARDI GRAS*, in a safe and sanitary condition. This duty specifically extended

to shipboard recreational water facilities, including the Deck 16 tidal pool and tidal pool spas, which posed a foreseeable risk of bacterial contamination if not properly maintained.

28. Defendant breached its duty of care owed to Plaintiff, LUTHER, by failing to:

a. Properly clean, disinfect, and maintain the hot tub in accordance VSP guidelines and/or other industry standards, and/or as a reasonably prudent cruise operator would do;
b. Maintain adequate halogen residual levels and water temperature necessary to prevent the proliferation of Legionella bacteria in accordance with VSP Operations Manual, Sections 6.3.2.1 and 6.4.2.1 and/or other industry standards, and/or as a reasonably prudent cruise operator would do;
c. Regularly monitor and document water quality, filtration systems, and temperature in the hot tub in accordance with VSP 2018 Manual, §§ 6.3.2.2, 6.4.2.1.3 and/or other industry standards, and/or as a reasonably prudent cruise operator would do;
d. Timely inspect and replace filters and disinfectant systems in accordance with VSP Manual §§ 6.4.1.1, 6.4.2.1 and/or other industry standards, and/or as a reasonably prudent cruise operator would do;
e. Warn passengers of known or foreseeable risks associated with the hot tub and Legionella growth in accordance with VSP Manual § 6.8.1 and/or other industry standards, and/or as a reasonably prudent cruise operator would do;
f. Comply with other provisions of the VSP Manua and/or other industry standards
g. Act as a reasonably prudent cruise operator in similar circumstances;
h. Retain or preserve inspection, maintenance, or surveillance records despite being placed on notice of potential hazards; and
i. Other acts or omissions to be identified through discovery.

29. As a direct and proximate result of Defendant, CARNIVAL's, negligence and breaches of duty, Plaintiff, LUTHER contracted Legionnaires' Disease, which caused and continues to cause substantial and ongoing injuries and damages, including but not limited to:

a. Severe respiratory illness and infection;
b. Prolonged hospitalization and inpatient care;
c. Administration of intravenous antibiotics and respiratory support;
d. Ongoing medical treatment, testing, and follow-up care;
e. Permanent pulmonary impairment or lung damage;
f. Past and future medical expenses;
g. Loss of income and diminished earning capacity;
h. Physical pain and suffering;
i. Mental anguish, emotional distress, and anxiety related to illness and hospitalization;

j. Aggravation of a pre-existing condition;
k. Loss of enjoyment of life;
l. Inconvenience and disruption of daily activities; and
m. Other economic and non-economic damages to be proven at trial.

WHEREFORE, Plaintiff, STEVEN LUTHER, demands judgment for damages against Defendant, CARNIVAL CORPORATION, in an amount exceeding $75,000.00, plus interest and costs, and demands a trial by jury on all issues so triable as of right by law.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the Court's CM/ECF system this 17th day of November, 2025 on all counsel or parties of record on the Service List below.

**FRIEDMAN, RODMAN, FRANK & ESTRADA, P.A.**
*Attorneys for Plaintiff*
3636 West Flagler Street
Miami, Florida 33135
Tel No.: 305-448-8585
Fax No.: 305-448-9818
Primary Email: pleadings@frflawgroup.com;
ronrod@frflawgroup.com;
gsanchez@frflawgroup.com

By: /s/ Ronald D. Rodman
RONALD D. RODMAN, ESQ.
Florida Bar No. 664332

Michael Drahos
michael.drahos@gray-robinson.com
GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
*Counsel for Defendant*

Walter Cooper Jarnagin
cooper.jarnagin@gray-robinson.com
GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
*Counsel for Defendant*