**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-24169-KMM**

STEVEN LUTHER,

Plaintiffs,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINE, INC.

Defendant.
______________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's Amended Complaint [ECF No. 15], and states as follows:

## I. INTRODUCTION

This personal injury matter arising from Plaintiff's alleged contraction of Legionnaire's Disease while a passenger aboard the Carnival *Mardi Gras*. On October 28, 2025, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 14]. Plaintiff subsequently filed the operative Amended Complaint, again asserting one claim of negligence against Carnival. [ECF No. 15]. Defendant again moves to dismiss the Plaintiff's Amended Complaint as failing to properly state a claim for negligence.

Specifically, Plaintiff again fails to plead causation, including no facts showing what caused his injuries or how he allegedly contracted Legionnaire's Disease. Notably, the Amended Complaint now alleges the source of exposure was "the tidal pool and/or tidal pool spas located

on Deck 16" which broadens the areas of alleged exposure as opposed to the initial Complaint alleging it was a single "hot tub." [*Compare* ECF No. 1 and ECF No. 15].

## II. LEGAL STANDARDS

### a. Motion to Dismiss

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955).

On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Unsupported factual allegations and legal conclusions, however,

receive no such deference. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A complaint's "well-pled allegations must 'nudge the claims across the line from conceivable to plausible.' " *Hays v. Page Perry, LLC*, 627 F. App'x 892, 896 (11th Cir. 2015) (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955).

**b. <u>General Maritime Law</u>**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Copagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties alleged diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011).

To allege a negligence claim against a shipowner directly for its own negligence, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). "With respect to the duty element in a maritime context, 'a shipowner owes

the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.' " *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.' " *Id*. (alteration in original) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (explaining that a shipowner "is not liable to passengers as an insurer, but only for its negligence").

## III. ARGUMENT

### a. The Amended Complaint Should be Dismissed for Failure to Allege Causation

"To prove causation, a plaintiff must establish a cause and effect relationship between the alleged tortious conduct and the injury — that is, cause in fact (or 'actual' or 'but-for causation') — as well as the foreseeability of the conduct in question producing the alleged harm — i.e., 'proximate causation.' " *Kulich v. Royal Caribbean Grp.*, No. 21-21215-CIV, 2021 WL 7082995, at *9 (S.D. Fla. Sept. 3, 2021). "At the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for the plaintiff's injuries from the defendant's alleged negligence." *Id* (citations omitted). "If a plaintiff's allegations, taken as true, are insufficient to establish proximate causation, then the complaint must be dismissed." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 n.6 (2014). "While notice pleading does not require the pleader to allege a 'specific fact' to cover every element or to plead 'with precision' each element of a claim, it is still necessary a complaint 'contain either direct or inferential

allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Brown v. Oceania Cruises, Inc.*, No. 17-22645-CIV, 2017 WL 10379580, at *5 (S.D. Fla. Nov. 20, 2017) (Altonaga, J.) (dismissing negligence claim for failure to allege causation).

In *Brown v. Oceania Cruises, Inc.*, the court dismissed a negligence claim for failure to plead facts showing ***how*** she was injured, and thus failing to plead causation. *Brown*, 2017 WL 10379580, at *5 ("From this, the Court does not know how Plaintiff sustained the injury. It may have been the case that Plaintiff was injured after being pushed by a fellow tourist. Such an incident would likely be a supervening cause absolving Defendant of liability."). As referenced in *Brown*, the court in *Flaherty v. Royal Caribbean Cruises, Ltd.*, similarly dismissed a negligence claim "as the complaint 'failed to allege any facts that would put Royal Caribbean on notice of *what* caused Plaintiff to fall.' " *Brown*, 2017 WL 10379580, at *4 (*citing Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-CV-22295, 2015 WL 8227674 at *1 (S.D. Fla. Dec. 7, 2015)). "Without any facts demonstrating how plaintiff fell, the court was left to guess whether the excursion company's conduct (of which defendant was alleged to have notice) proximately caused plaintiff to fall, or whether some other reason—which could completely absolve defendant of liability—caused the accident. Lacking facts which could plausibly allege defendant's failure to warn proximately caused plaintiff's injury, the court granted defendant's motion to dismiss." *Id.*

Further, in the similar case of *Rinker v. Carnival Corp.*, the court dismissed a negligence claim where a passenger developed meningitis, bacteremia, and osteomyelitis, after being a passenger onboard a Carnival cruise. *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1240 (S.D. Fla. 2010)("Because Plaintiff has failed to allege causation, has alleged duties that do not exist, and has pled conclusory allegations without factual support, portions of Count I are dismissed with

prejudice."). In *Rinker*, the plaintiff alleged a number of breaches including "failing to provide adequately sanitized and hygienic cabins" and "failing to provide reasonably safe conditions on board the ship by allowing crewmembers with visible signs of serious illness to walk freely around the ship, work in the ship's kitchens, bars and restaurants, handle food and beverages given to passengers, and cough, sneeze, or spit near passengers." *Id* at 1241. Notwithstanding, the court noted that there was nothing in the complaint indicating *how* Plaintiff was injured nor does Plaintiff allege "any facts that demonstrate that any of the crewmembers or passengers had meningitis, bacteremia, or osteomyelitis." *Id* at 1242. Determining that the allegations did not meet the pleading requirements of *Iqbal* and *Twombly*, the court dismissed the claim for negligence. *Id*.

As is the case here, Plaintiff fails to allege the requisite element of causation as there are no allegations of *what* caused Plaintiff's injury or *how* Plaintiff contracted Legionnaires' Disease onboard the subject cruise. The Amended Complaint actually *expands* the potential sources of exposure by alleging it was "the tidal pool and/or tidal pool spas located on Deck 16." [ECF No. 15 at ¶9]. Plaintiff otherwise broadly alleges he "was in the tidal pool and tidal pool spas" and "sat in chairs near the tidal pool and tidal pool spas…while dining and/or drinking." [ECF No. 15 at ¶10]. The Amended Complaint further fails to allege how Plaintiff allegedly contracted the disease, and instead seemingly lists a number of potential situations:

> While in the tidal pool **and** tidal pool spa**s** located on Deck 16 **and/or sitting/lounging** in chairs near the tidal pool **and** tidal pool spa**s** located on Deck 16, Plaintiff inhaled, ingested, **or** came into contact by respiratory **or** oral exposure with contaminated **or** bacteria infested hot tub spa water that proximately caused Plaintiff to contract Legionnaires' disease.

[ECF No. 15 at ¶11 (emphasis added)]. As was noted by this Court in its Order granting Defendant's prior Motion to Dismiss, "Defendant properly notes that Plaintiff still 'fails to state how he ingested airborne particles' " [ECF No. 14, pg. 6] and the same is again true in the

Amended Complaint. In fact, Plaintiff has *expanded* the categories – "inhaled, ingested, or came into contact by respiratory or oral exposure" – instead of providing factual support of *how* exactly he ingested airborne particles. The Amended Complaint further does nothing to assert allegations of *when* this all allegedly occurred, merely continuing to assert it was "during his cruise." [ECF No. 15 at ¶10]. Plaintiff instead requires Defendant to assume where Plaintiff was near the tide pool and/or other tide pool spas on Deck 16, at any length of time, at any point in time on the cruise, to somehow have contracted Legionnaire's Disease from the many listed pool/pool spas. The overly broad allegations cannot stand as pled, because Defendant and this Court are left to guess what proximately caused Plaintiff to contract the disease.

Similar to *Rinker*, the Amended Complaint is further devoid of any facts demonstrating that Legionnaires' Disease or Legionelle pneumophilia was even present or existed on the subject cruise. Thus, it is entirely unclear how Plaintiff alleges he contracted the disease while onboard the cruise and how Carnival is somehow liable. Similar to Judge Altonaga's reasoning in *Brown*, "the Court does not know one way or the other whether a failure to warn by Defendant could have plausibly been a proximate cause of Plaintiff's injury. This is because Plaintiff has not pleaded facts showing how she was injured." *Brown*, WL 10379580, at *5. Here, Plaintiff pleads a number of alleged breaches within Paragraph 28, yet there are no allegations of <u>*how any of these led to Plaintiff's injuries*</u>, and thus the claims should similarly be dismissed. [ECF No. 15, ¶28]. By way of one example, Plaintiff fails to show a connection of how "failing to retain or preserve inspection, maintenance, or surveillance records despite being placed on notice of potential hazards" led to Plaintiff's injuries. [ECF No. 15, ¶28(h)]. Therefore, for the same reasons as in *Brown*, *Flaherty*, and *Rinker*, as Plaintiff fails to allege causation, Plaintiff's negligence claim fails as a matter of law and should be dismissed.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court dismiss the Plaintiff's Amended Complaint [ECF No. 15], and for any further relief this Court deems just and proper.

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*michael.drahos@gray-robinson.com*
*cooper.jarnagin@gray-robinson.com*
*ashley.genoese@gray-robinson.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**Case No. 1:25-cv-24169-KMM**

Ronald David Rodman
Patrick Henry McCain
Friedman, Rodman, Frank & Estrada, P.A.
3636 West Flagler Street
Miami, FL 33135
Tel: (305) 448-9818
*ronrod@frflawgroup.com*
*patrick@frflawgroup.com*

*Attorneys for Plaintiffs*